ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND CIRCUIT, PARISH OF CADDO 11Writ denied. ■GENOVESE, Justice, would grant and assigns the following reasons. ¡ |TI agree with the trial court that the uninsured/underinsured (UM) form was invalid. In Gray v. American National Property & Cas. Co., 07-1670, pp. 12-13 (La. 2/26/08), 977 So.2d 839, 848, this Court has ruled that “an insurer ,,. has an affirmative duty to place the insured in a position to make an informed decision, not just to present the required form for the signature of the insured or the insured’s representative.” Exceptions to uninsured/underinsured coverage must be strictly construed as there is a strong public policy in-favor of uninsured motorist coverage. In this case, it is undisputed that the agent (insurance broker), not the .insured, supplied the lower limits of UM coverage and filled in that part of the form. I find that the insurer breached its affirmative duty to place the insured in a position to make an informed decision when the insurance broker assumed the onus of making, and did in fact make, the selection of UM coverage. This is the insured’s determination, not the broker’s pre-fabricated determination.